UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RYAN SHAPIRO )<br>       Defendant )<br>) | CRIMINAL NO. 22-cr-10006-WGY |

**DEFENDANT RYAN SHAPIRO'S RESPONSE TO GOVERNMENT'S PARTIAL OPPOSITION FOR HIS MOTION FOR LEAVE TO PROCEED *EX PARTE* AND UNDER SEAL ON HIS MOTION FOR RULE 17(c) SUBPOENA**

Defendant Ryan Shapiro, by and through undersigned counsel, hereby respectfully responds to the Government's partial opposition, Dkt. 65, to his Motion for Leave to Proceed *Ex Parte* and Under Seal on his Motion for Rule 17(c) Subpoena. While the Government does not oppose Mr. Shapiro's request for leave to file his Rule 17(c) subpoena *ex parte* and under seal (including the briefing and the proposed subpoena itself), it contends that the results of the subpoena must be produced to the Government upon its receipt by the defense, *i.e.,* 7 months prior to trial.

Respectfully, the defense does not believe that Rule 17(c) requires the defense to make the sort of production that the Government seeks and there are important reasons, *i.e.*, premature disclosure of trial strategy, witness lists or attorney work-product, that should foreclose the Government's request for early access to the subpoenaed materials.

First, the provision that the Government relies on to support its request states "the court *may* permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim P. 17(c) (emphasis

1

added). The language of the rule is discretionary. There is no requirement that the defense contemporaneously disclose to the Government documents that it obtains pursuant *ex parte* pre-trial subpoena *duces tecum*. *See United States v. Tomison*, 969 F. Supp. 587, 591 (E.D. Cal. 1997) ("'Rather than expressly contemplat[ing] the review of documents by the other parties to the dispute,' *Najarian*, 164 F.R.D. at 487, Rule 17(c) by its terms is permissive, providing that the court 'may' order production of documents and 'may' permit inspection by the adverse party. Since the Rule itself contemplates that the court 'may' permit inspection by the parties of documents produced before trial, it follows that the Rule empowers the court to deny an adverse party the opportunity to inspect the documents"); *United States v. Mills*, No. 16-CR-20460, 2019 WL 76869, at *7 (E.D. Mich. Jan. 2, 2019) ("it is within this Court's discretion to determine whether, on a case-by-case basis, the adverse party can inspect the subpoenaed materials."); *United States v. Daniels*, 95 F. Supp. 2d 1160, 1162 (D. Kan. 2000) (same).

Second, requiring the defense to produce to the Government copies of documents it receives in response to *ex parte* subpoena would be an unnecessary and unconstitutional incursion into protected areas of the defense's trial preparation and strategy. To satisfy the *Nixon* requirements of relevance, admissibility, and specificity, the defense carefully crafted its requests to focus on matters and witnesses which defense counsel knows support its defense at trial. Providing the responsive documents to the Government would provide a map of counsel's priorities with respect to these witnesses and documents. Even if the Government never sees the subpoenas themselves, it will have little trouble recreating that map after it examines the documents that these witnesses produce. Allowing the Government early access to these

2

documents will deter defendants in future cases from employing Rule 17(c) even with *ex parte* protection, which will in turn "tend to encourage the defendant to wait until trial to seek production of documents and evidence," and to "defeat the Rule's goal of facilitating the speed and efficiency of trial." *Tomison*, 969 F. Supp. at 593. Moreover, requiring early production of responsive documents would implicate the work-product doctrine, *i.e.*, it would require counsel to prematurely provide to the Government its selection of documents for use at trial, which would "reflect[] an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, determination of the relevant facts, preparation of legal theories, [and] planning of strategy...." *In re Grand Jury Subpoena Dated Nov. 8, 1979*, 622 F.2d 933, 935 (6th Cir. 1980). In *United States v. Horn*, 811 F. Supp. 739 (D.N.H. 1992), for example, the District Court (1) ruled that the work-product doctrine protected a criminal defense lawyer's selection of documents for copying from the larger set of documents subpoenaed by the grand jury and in the Government's possession, *id.* at 745-47, and (2) held that the Government breached the work-product privilege when it instructed the custodian of the documents to provide the Government with copies of the documents selected by defense counsel. *Id*. at 750-51. Here as well, production of documents specifically requested by the defense would potentially require disclosure of defense counsel's work-product depending on the volume and content of the produced documents.  In the event that the document production hues very closely and narrowly to each paragraph of the subpoena, prosecutors as experienced as the ones on this case would have little problem reconstructing the nature of the requests and then how each request corresponds to a potential future defense.  Counsel will be able to make a particularized

3

showing to the Court as to the extent to which the future production (if the subpoena issues and a forseeable future motion to quash is denied) impacts defense work-product and how the Government's interests can and will be met by defense counsel's principled and early compliance with Rule 16(b)(1).

Finally, to the extent this Honorable Court is inclined to grant the Government's request for early access, the defense respectfully requests this Honorable Court to defer such decision until the documents have been produced by the third-party custodian and reviewed by the defense. Rule 17(c) does not require a complete production of the subpoenaed documents. Instead, if disclosure is permitted, it allows the opposing part to "inspect all or part" of the evidence.  Depending how the responsive documents are categorized and organized, this Honorable Court may decide that there is no method for producing these documents without divulging trial strategy, witness lists or attorney work-product.

Accordingly, Mr. Shapiro respectfully requests this Honorable Court to allow the defense to produce the responsive documents in the ordinary course of discovery and trial preparation, *i.e.*, pursuant to Rule 16 and the local rules, or, alternatively, to defer this Honorable Court's decision on the matter until responsive documents have been produced and counsel can make a more particularized showing of the relationship between the document production and his own work product.

Respectfully Submitted,
Ryan Shapiro
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: October 17, 2022

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, October 17, 2022, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.