UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 22-10006-WGY-MBB |
| KRIS BORTNOVSKY and RYAN SHAPIRO, | ) | **Leave to File Granted on October 19, 2022** |
| Defendants | ) | |

**GOVERNMENT'S SURREPLY TO DEFENDANT RYAN SHAPIRO'S RESPONSE TO GOVERNMENT'S PARTIAL OPPOSITION TO HIS MOTION FOR LEAVE TO PROCEED <u>*EX PARTE*</u> AND UNDER SEAL ON HIS MOTION FOR RULE 17(c) SUBPOENA**

In his response to the government's opposition, defendant Ryan Shapiro argues that allowing the government to see the documents a third party produces in response to his Rule 17 subpoena "would provide a map of counsel's priorities," Dkt. 66 at 2, and would "implicate the work product doctrine" by "requir[ing] counsel to prematurely provide the Government its selection of documents for use at trial," *id.* at 3. That is not true. Indeed, this Court previously *rejected* identical arguments in *United States v. Ackerly, et al.*, 16-CR-10233-MBB, finding it "debatable whether information regarding counsel's document requests to a third party . . . has a justifiable expectation of privacy sufficient to warrant classification as opinion work product." *See Ackerly*, Nov. 4, 2016 Margin Order.[1] The Court noted: "[T]he mere production of documents by a third party . . . does not reveal the contours of the actual request framed by defendant's counsel or otherwise merit work product protection." *Id*. And it found, "providing the information to a

---

[1] In *Ackerly*, the defendant objected to the Magistrate Court's order, but the District Court did not decide the issue because the defendants apparently did not pursue the subpoena.

third party . . . waives the privilege." *Id.*[2] Here, Shapiro seeks pre-existing documents from a third party that he acknowledges is likely to file a motion to quash any subpoena. Dkt. 66 at 4. Because the documents were not prepared by Shapiro or his attorneys in anticipation of litigation, the work product doctrine does not shield them from discovery. And because he seeks to serve the subpoena on a third party lacking any common interest with him, the very subpoena he seeks would, in any event, forfeit any conceivable work product protection.

Nor, in any event, does the government seek Shapiro's "selection of documents for use at trial."[3] To the contrary, the government seeks the undifferentiated mass of documents produced in response to his subpoena—some of which may prove helpful to the defense, and some of which may not. Likewise, the Court should decline counsel's suggestion that he be permitted to review the production first and then "make a more particularized showing of the relationship between the

---

[2] *See also Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991*, 959 F.2d 1158, 1166–67 (2d Cir. 1992) (noting that "[t]he attorney-work-product doctrine generally does not shield from discovery documents that were not prepared by the attorneys themselves, or their agents, in the course of or in anticipation of litigation"); *F.D.I.C. v. Nash*, No. 97-CV-187, 1998 WL 34061514, at *4 (D.N.H. Sept. 25, 1998) (noting that "disclosure to a third party that substantially increases the likelihood that protected information would be revealed to an adversary forfeits work product protection").

[3] Shapiro cites *United States v. Horn*, 811 F. Supp. 739 (D.N.H. 1992), *rev'd in part*, 29 F.3d 754 (1st Cir. 1994), for the proposition that "production of documents specifically requested by the defense would potentially require disclosure of defense counsel's work-product depending on the volume and content of the produced documents." Dkt. 66 at 3. But *Horn* is inapposite. In that case, the district court found that the work-product privilege was implicated where the government secretly directed a copy clerk to make a duplicate set of 22 documents that defense counsel had selected from out of approximately 10,000 pages of discovery materials made available by the government because that selection—which was for the purpose of impeaching a key government witness and was specifically related to other defense tactics, strategies, and problems—involved a "high degree of selectivity . . . [that] clearly reflected the thought processes of defense counsel." *Id*. at 747. Here, by contrast, the mere fact that a third party produces documents will reveal little, if anything, about (1) what Shapiro requested from them, (2) which, if any, of those documents Shapiro might find of interest, (3) how, if at all, any of the documents might relate to a defense strategy, or (4) whether, if at all, anything that is revealed about that strategy even matters.

document production and his own work product." *Id.* Shapiro posits that such a delay is justified because the extent to which the third-party production reveals his trial strategy "[d]epend[s] [on] how the responsive documents are categorized and organized." *Id.* But that is precisely the point. As Shapiro effectively concedes, the nature of document productions is that they are often over-inclusive, under-inclusive, or altogether nonresponsive. *See also id.* at 3 (arguing that the extent to which work product is implicated will "depend[] on the volume and content of the produced documents" and whether "the document production hues very closely and narrowly" to the subpoena). Like Shapiro, the government has no way of knowing how a third party will choose to respond to his subpoena, or the extent to which that production is responsive to Shapiro's requests. Unlike Shapiro, however, the government also has no way of figuring that out. That is precisely why the production itself will not reveal Shapiro's trial strategy. It will, at most, reveal pre-existing facts that are relevant to this litigation—and, perhaps, some that are not.

                                            Respectfully submitted,

                                            RACHAEL S. ROLLINS
                                            United States Attorney

                                      By: */s/ Stephen E. Frank*
                                            STEPHEN E. FRANK
                                            SETH B. KOSTO
                                            Assistant U.S. Attorneys

Date:   October 19, 2022